```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

ARI YAROVINSKI,                      )
                                     )
              Plaintiff,             )
                                     )
       v.                            )    No. 4:05 CV 1953 DDN
                                     )
HEARTLAND EXPRESS INC. OF IOWA,      )
                                     )
              Defendant.             )
```

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of plaintiff Ari Yarovinski to remand the case back to the Circuit Court of the City of St. Louis. (Doc. 8.)

**Background**

Plaintiff brought this action against defendant Heartland Express Incorporated of Iowa, alleging negligence in connection with an automobile accident involving the parties. Plaintiff alleges she was severely and permanently injured as a result of defendant's negligence, and seeks damages in "an amount in excess of Twenty-Five Thousand Dollars" for her injuries. (Doc. 1 Attach. 1.)

Defendant removed this action on October 21, 2005, pursuant to 28 U.S.C. § 1332. Defendant alleges plaintiff is a citizen of Missouri, defendant is a citizen of Iowa, and that the matter in controversy exceeds $75,000 as required by the statute. Therefore, defendant concludes this court has subject matter jurisdiction and removal is proper.

Plaintiff moved to remand the action on December 28, 2005, arguing that the amount in controversy does not exceed $75,000. In a sworn affidavit, plaintiff's attorney alleges that "[b]ased on the nature and extent of Plaintiff's injuries and their special damages, Plaintiff's claims for damages do not exceed $75,000." (Doc. 9 Attach. 1 at 1.)

Defendant argues that plaintiff's motion for remand is untimely. (Doc. 10.) Defendant argues that 28 U.S.C. § 1446(a) requires that a motion for remand be filed within 30 days after the filing of the notice of removal. (Doc. 10.) Therefore, since plaintiff did not file her

notice of removal until December 28, 2005, over two months after the notice of removal was filed, defendant argues it is untimely.

**Discussion**

A defendant can remove a claim to federal court only if the claim could have been brought there originally. 28 U.S.C. § 1441(b); Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The propriety of removal to federal court depends on whether the claim falls within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). Removal statutes are strictly construed; any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). "The removing party bears the burden of establishing that the federal court has jurisdiction." Nelson v. Citibank (South Dakota) N.A., 794 F. Supp. 312, 314 (D. Minn. 1992).

Defendant argues that plaintiff filed her motion for remand out of time, and, therefore, this court should deny her motion. (Doc. 10.) "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Plaintiff's motion for remand was filed more than 30 days after the removal notice was filed, but the motion is based on lack of subject matter jurisdiction, and, therefore, the 30 day time limit does not apply. The motion was timely filed, and this court must now decide whether it has subject matter jurisdiction over this action.

"When the parties to an action are citizens of different states, as they are here, a district court has original subject matter jurisdiction 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[1] Capitol Indem. Corp. v.

---

[1] "[D]iversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004). Here, the plaintiff is a citizen of Missouri and the defendant is a citizen of Iowa. (Doc. 1 at 1.) Neither party argues that complete diversity of citizenship does not exist. Further, since

-2-

1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (quoting 28 U.S.C. 1332(a)); Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004). The removing party has the burden of establishing the jurisdictional amount. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943, 946 (D. Minn. 1999). The action will be remanded if it appears to a legal certainty that the value of the claim is for less. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Dyrda, 41 F. Supp. 2d at 946; Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 879 (E.D. Mo. 1997). Parties may stipulate that they are seeking less than the jurisdictional amount. Dyrda, 41 F. Supp. 2d at 946; see also Walsh v. J.B. Hunt Transp., Inc., 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (sworn affidavit that plaintiff would not seek any more than jurisdictional amount was binding on plaintiff in state court).

The court must look to the face of the complaint initially to determine whether or not the amount in controversy is met. "The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint . . . ." Reding v. Fed. Deposit Ins. Corp., 942 F.2d 1257, 1257 (8th Cir. 1991). Sworn affidavits are "relevant to clarify ambiguities regarding damages alleged at time of removal." Agre v. Rain & Hall LLC, 196 F. Supp. 2d 905, 908 (D. Minn. 2002); Dyrda, 41 F. Supp. 2d at 949.

Here, plaintiff's complaint seeks damages "in excess of Twenty-Five Thousand Dollars" for her injuries. The complaint further alleges that she suffers "severe pain in body and mind" and that all of her injuries described in the complaint are "serious and permanent and progressive in nature." (Doc. 1 Attach. 1 at ¶ 3.) She alleges she has incurred medical expenses and lost wages in an amount unascertainable, and property damage. (Id. at ¶ 14.)

---

only Missouri state law negligence claims are pled, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.

However, in a sworn affidavit, plaintiff's attorney states that plaintiff's claim for damages, due to the extent and nature of her injuries, does not exceed $75,000. (Doc. 9 Attach. 1 at 1.) Therefore, the court will consider this affidavit when determining whether remand is proper. Under the Missouri Rules of Civil Procedure, plaintiffs are not allowed to request a monetary amount of damages except to establish jurisdiction in circuit court. Mo. S. Ct. R. 55.05. Therefore,

> absent use of an affidavit such as the one employed herein (or some similar procedure), it would seem that most, if not all, cases brought by a Missouri plaintiff against a non-Missouri defendant in Missouri circuit court could be removed to federal court-and remain in federal court-at the drop of a hat.

Walsh, 20 F. Supp. 2d at 1301. The affidavit in this instance clarifies the true nature of plaintiff's damages, given that the complaint is ambiguous. See Agre, 196 F. Supp. 2d at 908. Since the burden is on the removing party to establish subject matter jurisdiction, and any doubts are to be resolved in favor of remand, the court cannot find to a legal certainty that the amount in controversy exceeds $75,000. Therefore, the court is without subject matter jurisdiction over this case.

**IT IS HEREBY ORDERED** that the motion of plaintiff for remand (Doc. 8) is sustained.

                                               /s/ David D. Noce
                                      **DAVID D. NOCE**
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on January 19, 2006.